**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| NET 3 TECHNOLOGIES, INC., <br><br>     Plaintiff, <br><br> v. <br><br> OASIS DISCOVERY PARTNERS, LLC, <br><br>     Defendant. | Civil Action No. _____ <br><br><br> COMPLAINT |

Plaintiff Net 3 Technologies, Inc. ("Net 3"), by and through its undersigned counsel, hereby files this Complaint against Defendant Oasis Discovery, LLC ("Oasis"), and alleges as follows:

**NATURE OF THE ACTION**

1. This action is for breach of contract, anticipatory breach, and breach of warranty of good faith and fair dealing and among other things, the failure of Defendant Oasis to honor is contractual obligations and twist contact interpretation to avoid paying is financial obligation causes Plaintiff Net 3 to bring this suit.

**PARTIES, JURISDICTION, AND VENUE**

2. Plaintiff Net 3 Technologies, Inc. is a corporation organized and existing under the laws of South Carolina, with its principal place of business in Greenville County, South Carolina.

3. Defendant Oasis Discovery Partners, LLC is a limited liability company organized under the laws of the state of Delaware and, upon information and belief, maintains its principal place of business in California.

1

4.     Defendant Oasis Discovery Partners, LLC does business as Oasis and/or Oasis Discovery.

5.     Defendant Oasis holds itself out as Oasis Discovery, LLC as shown in ta footer of its website www.oasisdoscovery.com which states, "Copyright © 2025 Oasis Discovery, LLC. All rights reserved."

6.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a), as the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), and pursuant to Section 16 of the Services Agreement, which designates Greenville County, South Carolina, as the exclusive venue for disputes arising under the contract.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

## FACTUAL BACKGROUND

9.     On or about January 24, 2019, Net 3 and Oasis entered into the N3T Palmetto Virtual Data Center Services Agreement (Exhibit A - "Services Agreement"), with an effective date of January 24, 2019.

10.     The Services Agreement provided for an Effective Date of January 24,, 2019.

11.     The Services Agreement provided for an initial term of one (1) year.

12.     The first term ran between January 24, 2019 to January 23, 2020.

2

13.     The Services Agreement provided that shall automatically renew for similar terms ("Renewal Term)" thereafter unless earlier terminated by either party.

14.     The next term ran between January 24, 2020 to January 23, 2021.

15.     The next term ran between January 24, 2021 to January 23, 2022.

16.     The next term ran between January 24, 2022 to January 23, 2023.

17.     The Defendant executed an ADDENDUM TO N3T PALMETTO VIRTUAL DATA CENTER SERVICES AGREEMENT ("Addendum") (Exhibit B – Addendum) on 06/10/2022.

18.     The next term ran between January 24, 2023 to January 23, 2024.

19.     During this term, Defendant received services from Plaintiff consistent with the Services Agreement as modified by the Addendum.

20.     During this term, Defendant paid Plaintiff during this term consistent with the Services Agreement as modified by the Addendum.

21.     The next term ran between January 24, 2024 to January 23, 2025.

22.     During this term, Defendant received services from Plaintiff consistent with the Services Agreement as modified by the Addendum.

23.     During this term, Defendant paid Plaintiff during this term consistent with the Services Agreement as modified by the Addendum.

24.     The next term began January 24, 2025 and is to end January 23, 2026.

25.     On or about May of 2025, Oasis send communications to Net 3 stating that it wished to terminate the Services Agreement.

26.     The Services Agreement states that upon Oasis termination notice, that "the full amount due for the Initial Term or Renewal Term, whichever is applicable, shall

3

be immediately due and payable to the Company regardless of the length of time this Agreement has been in effect."

27. Net 3 invoiced Oasis in an amount totaling $426,860.08, which was due by July 30, 2025.

28. Oasis failed to pay the invoiced amount when due.

29. Oasis failed to timely pay all amounts due.

30. Oasis is in breach of the Services Agreement.

31. Oasis's refusal to pay constitutes a material breach of the Services Agreement and an anticipatory repudiation of its obligations thereunder.

32. The Services Agreement provides for interest of 0.5% on unpaid amounts.

33. The interest due Plaintiff is in excess of $21,000.00.

34. The Services Agreement entitles Net 3 to recover attorney fees and costs incurred in its collection efforts.

## CAUSES OF ACTION

## COUNT I – BREACH OF CONTRACT

35. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

36. The Services Agreement is a valid and enforceable contract between Net 3 and Oasis.

37. Oasis materially breached the Agreement by failing to pay the invoiced amount of $426,860.08 for services due under the current term.

38. As a direct and proximate result of Oasis's breach, Net 3 has suffered exceeding $426,860.08, plus interest, attorney fees, and costs.

4

## COUNT II – ANTICIPATORY BREACH

39.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

40.     Oasis's communications, including its July 30, 2025 email, clearly indicate its intent not to fulfil its obligations under the Services Agreement.

41.     Oasis's refusal to pay for services through January 23, 2026 constitutes an anticipatory breach.

42.     Net 3 is entitled to recover all damages resulting from Oasis's repudiation, including actual and consequential damages, interest, and attorney fees.

## COUNT III – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

43.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

44.     The Services Agreement includes an implied covenant of good faith and fair dealing.

45.     Oasis breached this covenant by selectively interpreting contract language, ignoring its course of performance, and refusing to honor its payment obligations.

46.     As a result, Net 3 suffered damages including lost revenue, legal expenses, and other consequential losses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Net 3 Technologies, Inc. respectfully requests that the Court enter judgment in its favor and against Defendant Oasis Discovery, LLC as follows:

A.      Awarding damages in the principal amount of $426,860.08;

5

B.     Awarding pre- and post-judgment interest pursuant to Section 4(g) of the Services Agreement;

C.     Awarding reasonable attorney fees and costs pursuant to Section 4(i) of the Services Agreement and applicable law;

D.     Awarding consequential damages resulting from Defendant's breach and repudiation;

E.     Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

Respectfully submitted,

**KIM LAHEY & KILLOUGH LAW FIRM**

Dated: August 18, 2025          /s/ Douglas W,. Kim

Douglas William Kim (Fed. Id. 9004)
Hunter Freeman (Fed. Id. 9313)
3620 Pelham Road
PMB #213
Greenville, SC 29615
(o) (864) 973-6688
doug@kimandlahey.com